OPINION
Defendants-Appellants, Dr. Ali M. Davoudi and Davoudi Chiropractic Office, Inc. ("Appellants"), appeal from the judgment entry of the Allen County Court of Common Pleas granting summary judgment in favor of Third Party Plaintiff-Appellee, National Mutual Insurance Company. The court also denied the Appellants' motion for summary judgment. Because there is no genuine issue of material fact remaining to be resolved, in that only intentional acts and their intended or substantially certain results are the subject of the underlying litigation, the trial court properly entered summary judgment for the insurers.
In the case below, Plaintiffs, Karinda and Jesse Sanchez, allege in their complaint that the appellants intentionally engaged in sexual harassment; intentionally and negligently created a hostile work environment; engaged in retaliatory conduct; intentionally inflicted emotional distress on the plaintiffs; negligently failed to provide a safe and sexual harassment free workplace; and negligently failed to refrain from conduct which resulted in Karinda Sanchez working in a sexual harassment filled, hostile and unsafe work environment. Dr. Davoudi tendered the defense of the underlying suit to his personal insurance carrier, National Mutual. National Mutual filed a declaratory judgment action seeking a declaration that it owed no duty to defend Dr. Davoudi. By judgment entry dated January 30, 2001, the court below granted Third Party Plaintiff, National Mutual Insurance Company's, motion for summary judgment on the issue of insurance coverage.
From the trial court's declaration, appellants bring this appeal based on the following assignment of error.
 ASSIGNMENT OF ERROR The court erred in granting the third party plaintiff, National Mutual Insurance Company's motion for summary judgment and denying the motion for summary judgment of the defendants, Dr. Ali M. Davoudi, et al.
 In their sole assignment of error, Appellants contend that the trial court erred by issuing a summary judgment in favor of National Mutual on the grounds that the insurance policy held by Appellants does not cover intentional acts. Appellants categorically deny that Plaintiff's claims of sexual harassment took place and argue that until the allegations within the complaint are proven groundless, National Mutual has a duty to defend.
Our analysis of an appeal from summary judgment is conducted under a denovo standard of review.[1] In Horton v. Harwick Chem. Corp.[2], the Ohio Supreme Court held that summary judgment is proper "when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party."[3]
Appellants rely on City of Willoughby Hills v. Cincinnati InsuranceCompany[4] to support their position that the claim against them falls within the insurance policy held by them with National Mutual. InWilloughby Hills, the Ohio Supreme Court held that where the insurer's duty to defend is not apparent from the pleadings against the insured, but the allegations state a claim which potentially could be within policy coverage, the insurer must accept defense of the claim.[5]
Therefore, in the present case, in order to affirm the trial court's decision, we must be convinced that Appellants' allegations do not even arguably fall within National Mutual's insurance policy.
Contrarily, National Mutual argues that the complaint alleges intentional conduct which is excluded by a number of provisions within the insurance policy. National Mutual maintains that the policy expressly excludes coverage for bodily injury to an employee of a covered person and for damages arising out of sexual molestation, physical or mental abuse. Also, the insurance provider contends that the allegations, all of which occurred in the workplace, fall within the exclusion for liability incurred in the business pursuits of a covered person. Additionally, they argue that neither Ohio law nor the terms of the policy allow coverage for punitive damages. If National Mutual prevails on any one of these arguments, then there is no coverage.
To determine whether the claim against Appellants falls within the scope of their insurance policy with National Mutual, we must direct our attention to the terms within the policy itself. In pertinent part, the policy reads as follows:
PART 3 — LIABILITY COVERAGE
 We will pay an amount up to your limit of Coverage for which a Covered Person becomes legally liable as a result of bodily injury or property damage that is caused by an accident.
 We will not cover bodily injury or property damage that is expected or intended by a Covered Person. We have no duty to defend any claim or suit or settle any claim for bodily injury or property damage not covered under this policy.
We do not cover liability:
 1. arising out of the business pursuits of a Covered Person or the rental or holding for rental of any part of the premises by any Covered Person * * *
 18. for bodily injury to any employee, other than a residence employee, arising out of and in the course of employment by a Covered Person * * *
 25. arising out of any sexual molestation, corporal punishment, or physical or mental abuse * * *
 PERSONAL CATASTROPHE LIABILITY SUPPLEMENT COVERAGE We will pay for Net Loss in excess of the Minimum Limits of the Primary Insurance for which a Covered Person becomes liable as a result of bodily injury, personal injury or property damage that is caused by an accident * * *
 We will not cover bodily injury, personal injury or property damage that is expected or intended by a Covered Person * * *
 Exclusions
We do not cover liability:
 1. Arising out of the business pursuits of a Covered Person or property from which business is conducted * * *
 18. Any liability arising out of sexual molestation or physical or mental abuse.
 In construing the terms of an insurance contract, where the terms are clear and unambiguous, they "must be applied to the facts without engaging in any construction."[6] Where the policy's terms have a plain and ordinary meaning, it is not necessary or permissible for a court to ascribe a different meaning.[7] Generally, insurance policies are interpreted by applying the rules of contract law.[8]
If the policy's language is ambiguous, uncertain, or doubtful, the language will be construed strictly against the insurer and liberally in favor of the insured.[9] However, the rule of liberal construction cannot be used to create an ambiguity where one does not exist.[10] If the terms are clear and unambiguous, the contract's interpretation is a matter of law.[11]
Applying the allegations within the complaint to the four corners of the insurance contract, we conclude that National Mutual owes no duty to defend Appellants in this case. As mentioned, the complaint alleges intentional conduct. Yet, a plain reading of the policy reveals coverage only for accidents. The cause of action arose at Appellants' business and involves an employee which is beyond the personal liability policy's coverage. In addition, the policy expressly prohibits coverage for claims involving sexual molestation and physical or mental abuse. The Sanchez's suit involves claims of sexual harassment and intentionally inflicted emotional distress which by our reading of the policy, in its plainest terms, falls under this exclusion. Lastly, the insurance policy follows Ohio public policy which prohibits insurance providers from covering harm caused by intentional tortfeasors.[12]
This court has previously noted that "an insurance company owes an obligation to its insured when the conduct alleged against the insured is within the coverage of the contracted policy."[13] In this case, the complaint includes negligence and intentional tort claims. In such a situation, the general rule is that:
 * * * the insurance company that is contractually obligated to defend the insured in negligence actions is required to make a defense as to both claims against the insured, regardless of the ultimate outcome of the action or the insurance company's ultimate liability to the insured. [Citation omitted.][14]
 However, the principle articulated above does not apply to the present case because the occurrences upon which the Sanchez complaint rests are intentional conduct. Mrs. Sanchez alleges that, while at work, Dr. Davoudi, inter alia, grabbed her breasts and genitals, made uninvited sexually-explicit comments, exposed himself, and threatened her. The negligence causes of action are a result of, or derive from, these allegations of sexual assault and harassment.
 We conclude upon our review of the complaint and the depositions of key witnesses that the conduct complained of and the results thereof were intentional in nature and, therefore, fall beyond the scope of the insurance policy. The instances of alleged groping and other behavior are so numerous that they cannot even arguably be considered accidental. Given the parameters inherent in the summary judgment standard, we find that summary judgment was properly granted in this case. Accordingly, Appellants' sole assignment of error is overruled.
Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS, P.J., and BRYANT, J., concur.
[1] Ledyard v. Auto-Owners Mut. Ins. Co. (2000), 137 Ohio App.3d 501,505.
[2] (1995), 73 Ohio St.3d 679, 686-687.
[3] See, also, Civ.R. 56(C)
[4] (1984), 9 Ohio St.3d 177.
[5] Id.
[6] Nationwide Mut. Ins. Co. v. Finkley (1996), 112 Ohio App.3d 712,715.
[7] Id.
[8] Progressive Ins. Co. v. Heritage Ins. Co. (1996),113 Ohio App.3d 781, 783-784.
[9] Id.
[10] Id.
[11] Id.
[12] Harasyn v. Normandy Metals, Inc. (1990), 49 Ohio St.3d 173.See, also, Gearing, supra, at 38.
[13] Woodbridge Ins. Co. v. Vice (Dec. 3, 1997), Seneca App. No. 13-97-32, unreported, citing Gearing v. Nationwide Ins. Co. (1996),76 Ohio St.3d 34, 36.
[14] Preferred Mut. Ins. Co. v. Thompson (1986), 23 Ohio St.3d 78,80.