JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Marinos Hionis, individually and as the personal representative of the Estate of Eva Hionis, ("appellant") appeals from the judgment of the trial court which granted summary judgment in favor of defendant-appellee Nationwide Insurance Company ("Nationwide"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On September 11, 1995, decedent Eva Hionis was a pedestrian and struck by a motor vehicle in Athens, Greece. Appellant alleges that decedent suffered severe injuries and as a result those injuries, died on November 4, 2000. At the time of the accident, four policies were in effect with Nationwide and the Hionis family, including an auto policy, homeowner's policy, personal umbrella policy and a business owner's policy.
 {¶ 3} On August 23, 2000, appellant and his then living wife, Eva, filed a complaint for declaratory judgment seeking uninsured/underinsured ("UM/UIM") coverage from Nationwide under each of the four policies. Appellant filed an amended complaint on May 14, 2001. On August 10, 2001, Nationwide filed a motion for summary judgment, which appellant opposed and subsequently filed a motion for summary judgment. On October 10, 2001, the trial court granted summary judgment in favor of Nationwide, finding that no UM/UIM coverage is available for the injuries suffered by Eva Hionis while in Greece, under any policy held by appellant. It is from this ruling that appellant now appeals asserting one assignment of error for our review.
 {¶ 4} "I. The trial court erred when it denied Appellant's motion for summary judgment and it granted the Appellee's motion for summary judgment."
 {¶ 5} We note that in order for summary judgment to be properly rendered, it must be determined that:
 {¶ 6} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337,340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmermanv. Tompkins, supra.
 {¶ 7} Within this assignment of error, appellant alleges that he is entitled to UM/UIM coverage under four different policies with Nationwide in effect at the time of the accident. We address below the propriety of the trial court's decision to grant Nationwide summary judgment with regard to each policy.
 I. Automobile Policy {¶ 8} When construing a contract of insurance, we note:
 {¶ 9} "Where the terms of an insurance policy are clear and unambiguous, those terms must be applied to the facts without engaging in any construction. Santana v. Auto Owners Ins. Co. (1993),91 Ohio App.3d 490, appeal dismissed (1994), 69 Ohio St.3d 182. When the policy terms have a plain and ordinary meaning, it is not necessary or permissible for a court to construe a different meaning. Ambrose v. StateFarm Fire Cas. (1990), 70 Ohio App.3d 797, 800, jurisdictional motion overruled (1991), 60 Ohio St.3d 709. In other words, `the plain meaning of unambiguous language will be enforced as written.' Mehl v.Motorists Mut. Ins. Co. (1992), 79 Ohio App.3d 550." Nationwide Mut.Ins. Co. v. Finkley (1996), 112 Ohio App.3d 712. Further:
 {¶ 10} "Insurance policies are generally interpreted by applying rules of contract law. Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84. If the language of the insurance policy is doubtful, uncertain, or ambiguous, the language will be construed strictly against the insurer and liberally in favor of the insured. Faruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34. However, the general rule of liberal construction cannot be employed to create an ambiguity where there is none. Karabin v. State Auto. Mut. Ins. Co. (1984),10 Ohio St.3d 163, 166-167. If the terms of a policy are clear and unambiguous, the interpretation of the contract is a matter of law.Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.
(1984), 15 Ohio St.3d 321." Progressive Ins. Co. v. Heritage Ins. Co.
(1996), 113 Ohio App.3d 781, 784-785.
 {¶ 11} The automobile policy in effect at the time of the accident states, in relevant part:
 {¶ 12} "The policy applies in Canada, the United States of America and its territories or possessions, or between their ports. All coverages except Uninsured Motorists apply to occurrences in Mexico, if within 50 miles of the United States boundary. We will base the amount of any Comprehensive or Collision loss in Mexico on cost at the nearest United States point."
 {¶ 13} Appellant contends that he is entitled to UM/UIM coverage because the auto policy, in essence, fails to properly exclude all other locations in the world, including Athens, Greece. Specifically, appellant urges that Nationwide should have included the word "only" in the policy, to read, "The policy only applies in Canada, the United States of America and its territories or possessions, or between their ports." Appellant further avers that the territory provision in the automobile policy is ambiguous and thus we should find that the occurrence in Athens was covered by the auto policy. We disagree.
 {¶ 14} The territory provision in this case defines the scope of coverage and is clear and unambiguous. It explicitly delineates where the auto policy applies. The Supreme Court of Ohio has stated, "where exceptions, qualifications, or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. While the policy did mention an exclusion with regard to UM/UIM coverage in Mexico, it did not restrict or limit the defined territory by introducing an exclusion to coverage within Canada, the United States of America and its territories or possessions, or between their ports.
 {¶ 15} Appellant's contention that locations outside of the defined territory qualify as exclusions is without merit. Finding the language of the policy clear and unambiguous, we cannot say that appellant is entitled to UM/UIM coverage under the auto policy in effect for the unfortunate accident that happened in Athens, Greece.
 II. Homeowner's Policy {¶ 16} Appellant alleges that his homeowner's policy is a motor vehicle liability policy pursuant to the former R.C. 3937.18 because the policy extends automobile coverage to any residence employee injured for any occurrence arising out of and in the course of employment by the insured. Therefore, appellant contends that UM/UIM coverage arises by operation of law. We disagree.
 {¶ 17} The Golden Blanket Homeowner's Policy provides, in relevant part:
 {¶ 18} "SECTION II — LIABILITY COVERAGES
 {¶ 19} "COVERAGE E — PERSONAL LIABILITY
 {¶ 20} "We will pay damages the insured is legally obligated to pay due to an occurrence.
 {¶ 21} "We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.
 {¶ 22} "COVERAGE F — MEDICAL PAYMENTS TO OTHERS
 {¶ 23} "We will pay the necessary medical and funeral expenses within three years after an accident causing bodily injury. This coverage does not apply to you. It does not apply to regular residents of your household. It does apply to residence employees. This coverage applies to others as follows:
 {¶ 24} "* * * b. To a person off the insured location, if the bodily injury:
 {¶ 25} "* * * (3) is caused by a residence employee of an insured.
 {¶ 26} "SECTION II — EXCLUSIONS
 {¶ 27} "1. Coverage E Personal Liability, and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:
 {¶ 28} "* * * e. arising out of the ownership, maintenance, or use of:
 {¶ 29} "* * *
 {¶ 30} "(2) a motor vehicle owned or operated by, or rented or loaned to an insured.
 {¶ 31} "* * *
 {¶ 32} "* * *. [Exclusion] e(2) does] not apply to bodily injury
to any residence employee arising out of and in the course of employment by an insured."
 {¶ 33} The Supreme Court of Ohio recently held that a residence employee clause in an insurance policy that provides coverage incidental to home ownership does not convert the policy into a motor vehicle policy subject to the mandates of former R.C. 3937.18. Hillyer v. State FarmFire Casualty Co., 97 Ohio St.3d 411, 2002-Ohio-6662.[1]
 {¶ 34} In this case, the homeowner's policy contains a residence employee clause which provides coverage incidental to home ownership. Therefore, pursuant to the holding recently announced in Hillyer, we find that no material fact exists as to whether this policy provided UM/UIM coverage by operation of law. We find that the trial court's grant of summary judgment in favor of Nationwide with regard to the homeowner's policy was proper.
 III. Umbrella Policy {¶ 35} The umbrella policy is clearly an excess policy to the automobile policy and the homeowner's policy. Having determined that neither of these underlying policies provide UM/UIM coverage, we find that appellant is not entitled to coverage under the personal umbrella policy.
 IV. Business Policy of Appellant's Son {¶ 36} Appellant contends that the business policy of his son, Dimitiri Hionis, provides UM/UIM coverage under a Scott-Pontzer
analysis. Specifically, he states in his brief, "[Dimitiri] Hionis is referred to as a sole proprietorship. The policy definition regarding who is an insured does not at all refer to a sole proprietorship * * *." We disagree.
 {¶ 37} In Scott-Pontzer, the Supreme Court of Ohio was faced with the issue of whether "an employee * * * was an insured for purposes of underinsured motorist coverage" pursuant to a policy that was issued to the claimant's employer, Superior Dairy. The policy language in that case stated:
 {¶ 38} "B. Who is an Insured
 {¶ 39} "1. You.
 {¶ 40} "2. If you are an individual, any family member."
 {¶ 41} The Court held that "where a commercial auto policy issued to a corporation defined the named insured as `you' and `if you are an individual, any family member,'" such policy language was ambiguous. The court further found that because a corporation cannot occupy an automobile or suffer from bodily injury, it was meaningless to limit protection solely to the corporation. The Court therefore found that employees of the corporation were insureds and entitled to UM/UIM coverage.
 {¶ 42} In this case, the named insured on the declarations page of the business policy in question issued by Nationwide is Dimitiri Hionis. The form of business checked is "Sole Proprietorship." Further, the first page of the coverage form reads, in relevant part: "Throughout this policy the words "you" and "your" refer to the Named Insured show in the Declarations * * *."
 {¶ 43} The business policy in question reads, in relevant part:
 {¶ 44} "WHO IS AN INSURED
 {¶ 45} "1. If you are designated in the Declarations as:
 {¶ 46} "a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner."
 {¶ 47} We find that the policy of insurance differs significantly from the policy in Scott-Pontzer. In this case, the policy language is not ambiguous with respect to the identity of the insureds because the policy specifically states that the named insured is Dimitiri Hionis. As the sole owner of his business, the policy plainly states he and his spouse are insureds. In the absence of ambiguity with regard to who is an insured, the Scott-Pontzer analysis is inapplicable. We therefore reject appellant's contention that UM/UIM coverage was available under his son's business policy.
 {¶ 48} We find that appellant is not entitled to UM/UIM coverage under the automobile policy, homeowner's policy, personal umbrella policy, nor his son's business policy. As such, summary judgment in favor of Nationwide was proper.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and SEAN C. GALLAGHER, J., concur.
[1] We note that appellant filed his appeal while Hillyer was pending before the Ohio Supreme Court.