OPINION
{¶ 1} Appellants, Kimberly, Adam, and Freddie Butcher, appeal the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellee, Atlantic States Insurance Company ("Atlantic States").
 {¶ 2} Adam Butcher is the son of Kimberly and Freddie Butcher. On July 20, 2001, Adam Butcher was driving Freddie Butcher's 1988 Buick automobile. At that same time, Donna McCoy was driving a vehicle owned by Jerry Whited, with his permission. An accident occurred when Adam Butcher turned left, into the path of the vehicle driven by McCoy. Barbara Post was a passenger in Whited's vehicle. Adam Butcher was 17 years old at the time of the accident.
 {¶ 3} Prior to the accident, Adam Butcher, along with his parents, was covered under an automobile insurance policy issued by West American Insurance Company ("West American"). However, the West American policy expired five weeks prior to the accident due to nonpayment of the premium.
 {¶ 4} Adam Butcher worked for Fred's Appliance, LLC ("Fred's Appliance"), a business run by Freddie Butcher. Atlantic States provided an automobile insurance policy to Fred's Appliance. At the time of the accident, Adam Butcher was transporting a cell phone to a delivery driver for Fred's Appliance, who was about to leave on an out-of-state trip.
 {¶ 5} Preferred Mutual Insurance Company ("Preferred Mutual") provided insurance coverage for Jerry Whited's vehicle. As a result of the accident, Preferred Mutual paid $38,946.01 for damages to Jerry Whited's vehicle and for injuries to Donna McCoy and Barbara Post.
 {¶ 6} Preferred Mutual initiated the instant action against Kimberly and Adam Butcher pursuant to its subrogation rights. Preferred Mutual sought compensation from Kimberly Butcher under R.C. 4507.07(B), which provides that the individual who signs an application for a probationary driver's license for a minor is jointly and severally liable for damages caused as a result of the minor's negligence. Kimberly and Adam Butcher filed an answer to the complaint.
 {¶ 7} Preferred Mutual filed an amended complaint, which, in addition to Adam and Kimberly Butcher, named Freddie Butcher as a defendant. Further, the amended complaint sought recovery from Freddie and Kimberly Butcher on the ground they negligently permitted Adam, who was uninsured, to drive the 1988 Buick. Appellants filed an answer to the amended complaint.
 {¶ 8} Appellants filed a third-party complaint against Atlantic States and West American, which was misidentified as Ohio Casualty Group. Appellants asserted Adam Butcher's accident was covered under policies issues by Atlantic States and West American. Atlantic States and West American both filed answers to appellants' third-party complaint. In addition, Atlantic States filed a counterclaim to appellants' third-party complaint, wherein it sought declaratory judgment that Adam Butcher's accident was not covered by its policy. Appellants filed an answer to Atlantic States' counterclaim.
 {¶ 9} West American filed a motion for summary judgment. Therein, it argued that the policy at issue expired about five weeks before Adam Butcher's accident. Thereafter, appellants dismissed their third-party complaint against West American.
 {¶ 10} Preferred Mutual and Jerry Whited filed a motion for summary judgment. Appellants did not file any opposition to this motion. The trial court granted the motion for summary judgment. The judgment awarded Preferred Mutual $38,696.01, plus interest, and awarded Jerry Whited $250, plus interest.
 {¶ 11} Atlantic States filed a motion for summary judgment. Appellants filed a brief in opposition to Atlantic States' motion for summary judgment. In addition, in this same pleading, appellants sought summary judgment against Atlantic States. Attached to the brief in opposition was an affidavit from Adam Butcher, wherein Adam states that he is an employee of Fred's Appliance and that he was operating the 1988 Buick in the course and scope of his employment at the time of the accident. Atlantic States filed a reply to appellants' brief in opposition to its motion for summary judgment.
 {¶ 12} The trial court granted Atlantic States' motion for summary judgment. The trial court found that Adam Butcher was an insured for purposes of the policy. However, the trial court concluded that the 1988 Buick was not a "covered auto" under the policy.
 {¶ 13} The trial court did not specifically rule on appellants' motion for summary judgment. However, since the trial court granted Atlantic States' motion for summary judgment, which concerned the identical issues as appellants' motion, we will presume the trial court denied appellants' motion for summary judgment.
 {¶ 14} Appellants raise the following assignment of error:
 {¶ 15} "The trial court erred in granting Atlantic States Insurance Company's motion for summary judgment and denying the motion for summary judgment filed by Adam, Freddie and Kim Butcher."
 {¶ 16} Pursuant to Civ. R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[2]
The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 17} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[4] If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial.[5]
 {¶ 18} Interpretation of an insurance contract is a matter of law.[6]
 {¶ 19} The trial court found that Adam Butcher was an insured under the Atlantic States' policy. The policy named "Fred's Appliance LLC" as the "named insured." The trial court applied the reasoning ofWestfield Ins. Co. v. Galatis to the instant matter and found that Adam Butcher was an insured since he was employed by Fred's Appliance and was in the course and scope of his employment at the time of the accident.[7] Atlantic States does not specifically challenge the trial court's conclusion that Adam Butcher was an insured.
 {¶ 20} The trial court determined that coverage did not exist in this case, because it found that the 1988 Buick was not a "covered auto." The Atlantic States' policy only provided coverage for "covered autos." In this policy, "covered autos" were identified by symbols seven, eight, and nine. Those symbols provide, in their entirety:
 {¶ 21} "7 = SPECIFICALLY DESCRIBED `AUTOS.' Only those `autos' described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any `trailers' you don't own while attached to any power unit described in ITEM THREE).
 {¶ 22} "8 = HIRED `AUTOS' ONLY. Only those `autos' you lease, hire, rent or borrow. This does not include any `auto' you lease, hire, rent, or borrow from any of your employees or partners or members of their households.
 {¶ 23} "9 = NONOWNED `AUTOS' ONLY. Only those `autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes `autos' owned by your employees or partners or members of their households but only while used in your business or your personal affairs."
 {¶ 24} The parties' primary focus is on whether the 1988 Buick is a "covered auto" pursuant to symbol nine of the policy. Under this section, coverage is perhaps dependent upon who qualifies as "you." If "you" only means Fred's Appliance, coverage would apply, because Fred's Appliance did not own the 1988 Buick. However, the trial court found that "you" also means Freddie Butcher. Thus, the trial court reasoned that since Freddie Butcher owned the 1988 Buick, symbol nine did not provide coverage to the vehicle.
 {¶ 25} The Atlantic States policy clearly states: "[throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations."
 {¶ 26} We note that Fred's Appliance, as the named insured, was construed to mean the employees of Fred's Appliance while engaged in the course and scope of their employment for the provision in the policy regarding who is an insured.[8] This is because the Supreme Court of Ohio has repeatedly held that a corporation "'cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle.'"[9] However, for the purposes of the covered auto provisions, we will not extend the term "Fred's Appliance," as the named insured, to include all the employees. This is because a legal entity can own, borrow, rent, lease, or hire a motor vehicle. Further, as an aside, we note that if the named insured included the employees of Fred's Appliance, the 1988 Buick would be a covered auto, as symbol eight would apply. This is because Adam would qualify as "you." Adam Butcher borrowed the vehicle but did not borrow it from any of his employees or members of their household, because Adam Butcher does not have any employees.
 {¶ 27} One of the initial questions in this matter is whether Freddie Butcher is a named insured. The inquiry as to whether an individual is a named insured is a question of law.[10] "Fred Butcher" is listed in the policy as an "additional insured." The trial court found that Freddie Butcher is a "named insured," because he is named in the policy. Appellants argue that only Fred's Appliance is a named insured, because the legal entity is specifically identified as the "named insured" in the policy.
 {¶ 28} An additional insured is generally defined as "[a] person who is covered by an insurance policy but who is not the primary insured. An additional insured may, or may not, be specifically named in the policy. If the person is named, then the term is sometimes additional namedinsured. — Also termed secondary insured."[11] A named insured is generally defined as "[a] person designated in an insurance policy as the one covered by the policy."[12]
 {¶ 29} This court has recognized a distinction between a "named insured" and an "additional insured," recently holding, "'[i]n other words, the purpose of the additional insured endorsement was to protect the additional insured * * * from being vicariously liable for the tortious acts of the named insured.'"[13] We acknowledge that theLubrizol decision did not concern a policy for automobile insurance. However, the case illustrates the distinction that the drafters of insurance policies, as well as courts, give to the two terms.
 {¶ 30} The Eighth Appellate District has held, "[i]n order to be a named insured a person must be listed as such on the declarations page of the policy."[14] In Hillyer v. State Farm Mut. Auto Ins. Co., the Eighth District held that a wife was not a named insured when her name did not appear on the policy and her husband's name was clearly listed as the named insured on the policy.[15] Further, the Supreme Court of Ohio has quoted the following language distinguishing between and additional insured and a named insured, "'[w]here coverage is sought by an additional insured, that is, by a person who is not the namedinsured under the policy[.]'"[16]
 {¶ 31} The instant policy was issued to the legal entity, Fred's Appliance. Fred's Appliance was specifically designated as the "named insured." Freddie Butcher, individually, was designated as an "additional insured." The exact language of the policy indicates that "you" means the "named insured." It does not mention "additional insured." Therefore, the plain language of the policy suggests that only Fred's Appliance was intended to be defined as "you." Moreover, the language in the relevant symbols indicates the intention of the parties to cover only Fred's Appliance. The language mentions "your" employees. The employees work for Fred's Appliance. While Freddie Butcher, individually, may manage those employees, they are not "his" employees.
 {¶ 32} Based on the foregoing, we conclude that the term "you" as used in symbols seven, eight, and nine, refers to Fred's Appliance. It does not refer to Freddie Butcher.
 {¶ 33} Turning to the language of symbol nine, Fred's Appliance did not own the 1988 Buick. In addition, the 1988 Buick was borrowed from a member of Adam Butcher's household. Finally, Adam Butcher was acting in the course and scope of his employment at the time of the accident. Thus, the 1988 Buick is a "covered auto" pursuant to symbol nine. As appellants note, this conclusion is similar to that reached by the Eighth District in Progressive Ins. Co. v. Heritage.1[17] The policy at issue in Progressive Ins. Co. v. Heritage contained the exact symbol nine language at issue in the case sub judice.[18] An employee, using his family's vehicle, was delivering flowers for his employer when he was involved in traffic accident.[19] The Eighth District held that the vehicle was a covered auto because it was not owned by the named insured, which was the florist shop.[20]
 {¶ 34} Moreover, even if we were to hold that Freddie Butcher qualifies as "you," the 1988 Buick would still qualify as a "covered auto." This is because, in this scenario, symbol nine would be ambiguous. The 1988 Buick would not be a "covered auto," because it is owned by Freddie Butcher; but it would be a "covered auto," because it was borrowed from a member of an employee's household for use in Fred's Appliance's business. We note that ambiguities in insurance contracts are to be construed in favor of the insured.[21] When this ambiguity is construed in favor of the insured, Adam Butcher, the 1988 Buick would be a "covered auto."
 {¶ 35} Additionally, when a court is presented with an issue of interpreting an insurance contract, the court is to "give effect" to the parties' intent.[22] The Supreme Court of Ohio has held that "[t]he general intent of a motor vehicle insurance policy issued to a corporation is to insure the corporation as a legal entity against liability arising from the use of motor vehicles."[23] Adam subjected Fred's Appliance to liability by causing a motor vehicle accident during the course and scope of his employment. Fred's Appliance's liability was based upon the doctrine of respondeat superior.[24] Therefore, Fred's Appliance "is vicariously liable for any negligence caused by its employee," Adam Butcher.[25]
 {¶ 36} Finally, Adam Butcher should stand in the same shoes as any other employee of Fred's Appliance. Symbol nine precisely indicates that motor vehicles used by employees in the course and scope of Fred's Appliance's business qualify as "covered autos." Had another employee used his or her personal vehicle, or a borrowed a vehicle from a household member, to conduct business for Fred's Appliance and been involved in an automobile accident, coverage would apply.[26] Adam Butcher should not be denied coverage because his household member was Freddie Butcher.
 {¶ 37} The 1988 Buick was a "covered auto" pursuant to symbol nine of the Atlantic States policy.
 {¶ 38} In regard to symbol seven, the 1988 Buick was not described in the declarations page. Further, there is no language in this symbol providing for a vehicle to be substituted for one of the specifically described autos. Thus, the 1988 Buick is not a "covered auto" pursuant to symbol seven.
 {¶ 39} Likewise, in regard to symbol eight, the 1988 Buick is not a "covered auto." The symbol eight language specifically exempts vehicles that are borrowed from employees or members of their households. The 1988 Buick was borrowed from a member of an employee's household, as Adam was an employee and he borrowed the vehicle from a member of his household, Freddie Butcher.
 {¶ 40} The trial court erred by granting Atlantic States' motion for summary judgment, as Adam Butcher was an insured operating a "covered auto" at the time of the accident.
 {¶ 41} In addition, appellants attached Adam Butcher's affidavit to their motion for summary judgment. Therein, Adam states that he is an employee of Fred's Appliance and that he was acting in the course and scope of his employment at the time of the accident. Atlantic States did not offer any evidence to refute the assertion that Adam Butcher was acting in the course and scope of his employment at the time of the accident or that he was an employee of Fred's Appliance. Therefore, there is no genuine issue of material fact that the accident was covered under Atlantic States' policy. Thus, appellants are entitled to summary judgment as a matter of law.
 {¶ 42} Appellants' assignment of error has merit.
 {¶ 43} The judgment of the trial court entering summary judgment in favor of Atlantic States is reversed. The summary judgment in favor of Preferred Mutual is undisturbed. This matter is remanded to the trial court. The trial court is instructed to grant appellants' motion for summary judgment.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ. R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Dresher v. Burt, 75 Ohio St.3d at 293.
[5] Id.
[6] Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
[7] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at paragraph two of the syllabus.
[8] Westfield Ins. Co. v. Galatis, supra, at paragraph two of the syllabus.
[9] Id. at ¶ 18, quoting Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 85 Ohio St.3d 660, 664] Stacy v. Nationwide Mut. Ins.Co. (1998), 125 Ohio App.3d 658, 669, citing.
[10] Auto-Owners Mut. Ins. Co. v. Andrews (Dec. 20, 1991), 6th Dist. No. H-91-15, 1991 WL 270402.
[11] (Emphasis in original.) Black's Law Dictionary (8 Ed. Rev. 2004) 823.
[12] Black's Law Dictionary (8 Ed. Rev. 2004) 823.
[13] The Lubrizol Corp. v. Michael Lichtenberg Sons Constr.,Inc., 11th Dist. No. 2004-L-179, 2005-Ohio-7050, at ¶ 35, quotingDavis v. LTV Steel Co., Inc. (1998), 128 Ohio App.3d 733, 737.
[14] Hillyer v. State Farm Mut. Auto Ins. Co. (1999),131 Ohio App.3d 172, 177, citing Stacy v. Nationwide Mut. Ins. Co., supra.
[15] Id. at 177.
[16] (Emphasis added.) Ferrando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217, at ¶ 98, quoting Annotation, Liability Insurance: Timeliness of Notice of Accident by Additional Insured (1973), 47 A.L.R.3d 199, 202, Section 2[a], 1973 WL 33743.
[17] Progressive Ins. Co. v. Heritage Ins. Co. (1996),113 Ohio App.3d 781.
[18] Id. at 786.
[19] Id. at 787.
[20] Id. at 786-787.
[21] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 13, citing King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus.
[22] (Citations omitted.) Westfield Ins. Co. v. Galatis, at ¶ 11.
[23] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 20.
[24] Progressive Ins. Co. v. Heritage Ins. Co.,113 Ohio App.3d at 786.
[25] See Progressive Ins. Co. v. Heritage Ins. Co.,113 Ohio App.3d at 786.
[26] Progressive Ins. Co. v. Heritage Ins. Co., supra.
COLLEEN MARY O'TOOLE, J., concurs,
DONALD R. FORD, P.J., dissents with Dissenting Opinion.