[Cite as *Discover Property & Cas. Co. v. Progressive Cas.*, 2011-Ohio-3841.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96125**

# DISCOVER PROPERTY & CASUALTY CO.

PLAINTIFF-APPELLANT

vs.

# PROGRESSIVE CASUALTY, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-618197

**BEFORE:**    Blackmon, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    August 4, 2011

**ATTORNEY FOR APPELLANT**

Philip J. Weaver
Smith Marshall, LLP
1425 Superior Building
815 Superior Avenue
Cleveland, Ohio 44114-2703

**ATTORNEYS FOR APPELLEES**

**For Progressive Casualty**

Joseph R. Tira
Michael R. Shanabruch
625 Alpha Drive, Box #011B
Highland Heights, Ohio 44143

**For Geico Casualty Company**

Ian R. Luschin
Williams, Moliterno & Scully Co., L.P.A.
2241 Pinnacle Parkway
Twinsburg, Ohio 44087-2387

PATRICIA ANN BLACKMON, P.J.:

**{¶ 1}** Appellant Discover Property & Casualty Co. ("Discover") appeals the trial court's granting of summary judgment in favor of appellees Progressive Casualty ("Progressive") and Geico Casualty Company ("Geico") and assigns the following error for our review:

**"I.    Discover is entitled to summary judgment because Ohio law does not distinguish between carrying property for 'a fee' for 'compensation' or for 'hire' whether the driver is paid wages, commissions, mileage, and/or tips, or any combination thereof.    Insurance policy exclusions based upon those phrases are ambiguous and unenforceable under any of those payment means.    The only exception to the rule is if an insured is paid a specific sum for the specific purpose of making the specific delivery, which is not the case here."**

{¶ 2}    Having reviewed the record and pertinent law, we affirm the trial court's decision.    The apposite facts follow.

### Facts

{¶ 3}    Discover, an insurance carrier for Papa Johns Pizza, filed suit against Progressive and Geico insurance companies seeking recovery for attorney fees and litigation expenses incurred in defending Papa Johns in two different cases.    In each case, Papa Johns' drivers struck pedestrians while delivering pizzas.    Geico and Progressive were the personal automobile insurance carriers for the drivers, who were using their own automobiles to deliver the pizzas.

{¶ 4} Progressive and Geico filed motions for summary judgment arguing Discover was not entitled to recover the cost of defending the cases. They argued their policies excluded coverage for the drivers and their employers because the accidents occurred while the drivers were delivering pizzas "for hire" and "for compensation or a fee." Discover filed cross motions for summary judgment arguing the exclusion language was ambiguous. The trial court granted the summary judgment motions of Progressive and Geico, agreeing that the exclusion language applied.

## Motion for Summary Judgment Granted

{¶ 5} In its sole assigned error, Discover argues that the trial court erred by granting summary judgment in favor of Progressive and Geico. Specifically, Discover argues there was no evidence presented that the language used in the exclusion clauses were ambiguous and because there was no evidence the drivers were paid a "specific sum" for the sole purpose of delivering pizza. The exclusions did not apply.

{¶ 6} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212; *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine

whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion that is adverse to the non-moving party. We conclude that Progressive and Geico were entitled to judgment as a matter of law.

{¶ 7} Discover argues the exclusion clauses for transportation of food or property in Progressive and Geico's insurance polices were ambiguous and unenforceable because Ohio case law requires that such policies only apply when the driver is paid a "specific sum" for delivering the product. After reviewing the relevant case law, we conclude that Discover has misinterpreted the law.

{¶ 8} The interpretation of an insurance policy is a question of law appropriate for summary judgment. If the insurance policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Sarmiento v. Grange Mut. Cas. Co.,* 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, at ¶9, citing *Gomolka v. State Auto Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167-168, 436 N.E.2d 1347. Ambiguous language contained in the policy is construed against the insurance company. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus.

{¶ 9} The insurance policies in the instant case are unambiguous, and the exclusions from coverage applies to the set of facts. There is no dispute that the pizza delivery drivers were working within their scope of employment because they were delivering pizzas when the accidents occurred. The policy exclusion in the Geico policy clearly states that coverage does not apply for injury or damage arising out the use of a vehicle for carrying "passengers or goods for hire." The policy exclusion in the Progressive policy clearly states that coverage does not apply for injury or damage arising out of the use of the vehicle for carrying persons or property "for compensation or a fee." Given that both drivers were paid to deliver pizzas, the exclusions apply. The language used in exclusions was also broad so as to not require a "specific sum" to be paid for each delivery. Payment in any form triggers the exclusions.

{¶ 10} Relying on cases with distinguishable facts and different policy language, Discover argues that the exclusionary phrases are ambiguous. Discover's reliance on the Ohio Supreme Court's decision in *U.S. Fidelity & Guaranty Co. v. Lightening Rod Mut. Ins. Co.*, 89 Ohio St.3d 584, 1997-Ohio-311, 687 N.E.2d 717, is misplaced. In that case, the pizza delivery driver was paid on an hourly basis and reimbursed for mileage for his deliveries. The Ohio Supreme Court found that the policy language that excluded coverage for cars used to make deliveries "for a fee" was subject to

two interpretations, and thus ambiguous. The language could be interpreted to exclude coverage for using the car to transport property when there is any kind of payment, or it could be interpreted to exclude coverage only when a fee is paid specifically for the act of transporting property. The court determined that because the language of the contract was ambiguous, it had to be construed against the insurer; thus, the exclusion did not apply.

{¶ 11} Discover relies on *U.S. Fidelity* to argue that the policy language in the Progressive and Geico policies are likewise ambiguous. We disagree. The language in the Progressive policy includes the term "compensation" in the exclusion, and the Geico policy includes the term "for hire" in the exclusion. These added terms resolve the ambiguity that existed in the *U.S. Fidelity* case. In *U.S. Fidelity*, the court found the exclusion ambiguous because it was unclear whether the intended definition included "compensation" in any form or when a separate fee is charged exclusively for the delivery. Here, the terms "compensation" and "for hire" indicate the exclusions apply to payment to drivers in any form for the deliveries, not just a specific sum.

{¶ 12} Likewise, Discover's reliance on the cases from other districts are distinguishable from the instant case because in those cases, like in *U.S. Fidelity*, the insurance companies used the narrow language "for a fee" in the exclusion clause. See *Progressive Ins. Co. v. Heritage Ins. Co.* (1996), 113

Ohio App.3d 781,  682 N.E.2d 33; *Nationwide Ins. Co. v. Johnson* (1992), 84 Ohio App.3d 106, 616 N.E.2d 525; *Nationwide Ins. Co. v. Thorley* (Jan. 16, 1991), 9th Dist. No. 14658;  *Colonial Ins. Co. of Cal. v. Jermann* (1995), 102 Ohio App.3d 384, 657 N.E.2d 336 (policy used the narrow language, "for a charge" which was as susceptible of varying interpretation as "for a fee").   In the instant case, the added words, "for compensation" and "for hire" allow a broader interpretation that any compensation in any form is sufficient for the exclusion to apply.

{¶ 13} Discover also relies upon a case from the Seventh District, *Progressive Max. Ins. Co. v. Matta*, 7th Dist. No. 07 MA 30, 2008-Ohio-1112, in which the policy language was identical to the Progressive policy in the instant case.   In *Matta*, the policy language excluded coverage for delivery of property or food "for compensation or a fee."   The Seventh District, relying on the Supreme Court case of *U.S. Fidelity,* concluded the language was ambiguous.   The *Matta* case is not binding on our court; thus, we are free to disagree with the holding, which we do.   The *Matta* court focused on the words "for a fee" and found the   preceding clause "for compensation" did not clarify the meaning.   However, we believe the added phrase "for compensation" distinguishes the policy from the *U.S. Fidelity* case in which the exclusionary clause only stated, "for a fee."   See *Progressive Cas. Ins. Co. v. Chalfant* (N.D. Ind., 2010), Case No. 109-CV-5.   As we previously

discussed, the added verbiage, "for compensation" indicates that compensation in any form applies, resolving the ambiguity that exists when only the phrase "for a fee" is used.

{¶ 14} Discover's argument that no evidence was presented that the drivers received any compensation in any form ignores the fact that it is undisputed the drivers were employed by the pizza companies. There is no evidence the drivers were voluntarily delivering the pizzas. Thus, to argue they were possibly paid nothing is not reasonable. Accordingly, Discover's sole assigned error is overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR