JOURNAL ENTRY AND OPINION
{¶ 1} Andrew Wilson appeals from the trial court's denial of his motion to suppress evidence following an evidentiary hearing. Wilson claims he was illegally searched by police, and the trial court should have suppressed the crack pipe they found that contained cocaine residue. After reviewing the record and for the reasons set forth below, we affirm the trial court's decision.
 {¶ 2} On August 4, 2003, Cleveland Police Officer, Leslie Blasini, and his partner were patrolling the area of East 40th and Cedar. The officers had received complaints from local citizens and city counsel members that drug activity in the area was rampant.
 {¶ 3} While driving their zone car past an abandoned building on Cedar Avenue, Officer Blasini noticed two individuals sitting in the doorway. One of the individuals, later identified as Shirletha Solomon, was drinking an alcoholic beverage in a public place, in violation of Cleveland's prohibition against open containers. The other individual, identified as Andrew Wilson, was not seen by officers drinking an alcoholic beverage, but a can of beer was sitting in the grass within arm's reach.
 {¶ 4} The officers decided to stop their zone car and approach Wilson and Solomon. Officer Blasini asked Solomon to stand up. When she did, a crack pipe fell from her person onto the ground in front of the officers. Solomon denied the crack pipe was hers. Officer Blasini then asked Wilson to stand up and provide him with some identification. Wilson told the officer he did not have any identification, but eventually provided Officer Blasini with a welfare card.
 {¶ 5} Officer Blasini noticed that Wilson's hands and fingers were burned. Based on his experience as a police officer, he knew the burnt fingers were indicative of someone who had been smoking a hot crack pipe. He also noted that Wilson appeared to be very nervous. Because they were in a high drug activity area, he decided to frisk Wilson to check for weapons. While patting Wilson down for weapons, Blasini felt a hard cylindrical object in the left, front pocket of Wilson's pants. Officer Blasini, certain that the object was a crack pipe, removed it and placed Wilson under arrest. Wilson denied that the crack pipe belonged to him.
 {¶ 6} On September 18, 2003, Wilson was indicted by the Cuyahoga County Grand Jury on one count of possession of drugs, in violation of R.C. 2925.11, a fifth degree felony. Wilson pleaded not guilty to the indictment and filed a motion to suppress the crack pipe containing some cocaine residue claiming it was seized during an illegal search. After holding a suppression hearing, Wilson's motion was denied by the trial court. On November 20, 2003, Wilson entered a plea of no contest to the indictment. He was found guilty and sentenced to three years of community control sanctions, including random drug testing, community service, and participation in an outpatient drug treatment program. The trial court also suspended his driver's license for six months.
 {¶ 7} Wilson (the "appellant") brings this timely appeal and alleges one assignment of error for review. In his sole assignment of error, the appellant claims the trial court should have suppressed evidence concerning the crack pipe found by the police because they stopped him and searched his pockets based upon a "hunch" that he was an illegal drug user, not on an articulable suspicion that criminal activity was afoot, in violation of his Fourth Amendment rights.
 {¶ 8} "[T]he standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996), 116 Ohio App.3d 286, 688 N.E.2d 9, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 645 N.E.2d 802. * * * This is the appropriate standard because `in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' State v. Hopfer (1996), 112 Ohio App.3d 521,679 N.E.2d 321. However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141." State v. Lloyd (1998), 126 Ohio App.3d 95, 100-101,709 N.E.2d 913; see, also, State v. Henry, 151 Ohio App.3d 128,2002-Ohio-7180, 783 N.E.2d 609.
 {¶ 9} When deciding whether a temporary stop is permissible underTerry v. Ohio (1967), 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868, we look to see whether the police had a reasonable suspicion that criminal activity was occurring. See Illinois v. Wardlow (2000), 528 U.S. 119, 123,145 L.Ed.2d 570, 120 S.Ct. 673. The purpose of a Terry stop is not to accuse, but to investigate. Facts which might be given an innocent construction will support the decision to detain an individual momentarily for questioning, so long as one may rationally infer from the totality of the circumstances that the person may be involved in criminal activity. United States v. Cortez (1981), 449 U.S. 411, 417,66 L.Ed.2d 621, 101 S.Ct. 690. A police officer must be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v.Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. An area's reputation for criminal activity is an articulable fact that is part of the totality of the circumstances surrounding a stop. Id.; see, also, State v.Brumfield, Hamilton App. No. C-030389, 2003-Ohio-7102.
 {¶ 10} Under the totality of the circumstances approach, police officers are permitted to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that `might well elude an untrained person.'" Cortez, 449 U.S. at 418. Thus, a court reviewing the officer's reasonable suspicion determination must give due weight to the officer's trained eye and experience and view the evidence through the eyes of those in law enforcement. Id.; see, also, State v. Andrews (1991),57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271.
 {¶ 11} The protective pat-down search under Terry is limited in scope to this protective purpose and cannot be employed by the searching officer to search for evidence of crime. Obviously, once the officer determines from his sense of touch that an object is not a weapon, the pat-down frisk must stop. The officer, having satisfied himself or herself that the suspect has no weapon, is not justified in employing Terry as a pretext for a search for contraband.
 {¶ 12} In the instant matter, Officer Blasini observed Solomon drinking alcohol in a public place and decided to approach her and the appellant. Upon approaching, Officer Blasini noticed an open can of beer in the grass within arm's length of the appellant. Both the appellant and Solomon were in violation of a city of Cleveland municipal ordinance regarding the drinking of alcohol in a public place. When Officer Blasini asked Solomon to stand and produce identification, a crack pipe fell from her person and onto the ground.
 {¶ 13} Officer Blasini then asked the appellant to provide him with some identification. Officer Blasini took notice of the burn marks on the appellant's fingers and hands, which is indicative of someone who has been smoking a hot crack pipe, his nervous behavior, and his lack of proper identification, along with the fact that they were in a high crime and drug area, and he decided to pat down the appellant for weapons, suspecting he might be a crack user. Officer Blasini testified that he has learned from his police experience that crack users often have and use box cutters, small knives, and broken crack pipes as weapons. Officer Blasini stated that he recognized most people who lived in the area and had never seen the appellant before.
 {¶ 14} During the pat down for weapons, Officer Blasini felt a hard, cylindrical object in the appellant's left front pant's pocket, which he felt certain was a crack pipe; he had the opportunity moments before to observe Solomon's crack pipe. The appellant denied ownership of the crack pipe.
 {¶ 15} The drinking of an alcoholic beverage in public by Solomon initially led to the investigative stop. Officer Blasini had a reasonable suspicion that the appellant was engaged in criminal activity when he saw a beer can sitting within arm's reach of the appellant. The burns on the appellant's hands, his nervous behavior, and the nature of the neighborhood led Officer Blasini to believe that the appellant was an illegal drug user who smoked crack cocaine. A crack pipe had already been dropped on the ground by the appellant's companion. These observations, taken along with the officer's past police experience with crack users, led him to believe the appellant may be armed with a weapon. Officer Blasini had testified that crack users have and often use box cutters, small knives, and broken crack pipes as weapons. However, once Officer Blasini felt what he unmistakenly knew to be a crack pipe, he is not required to ignore the found contraband while searching for weapons according to the "plain feel" doctrine. See Minnesota v. Dickerson
(1993), 508 U.S. 366.
 {¶ 16} We find that, based on the totality of the circumstances, the officers had a reasonable suspicion of criminal activity and, moreover, that a protective search was warranted; therefore, we hold that the trial court's decision to deny the appellant's motion to suppress was supported by competent and credible evidence. The appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., Concurs;
 Karpinski, J., Dissents with Separate Dissenting Opinion.
 DISSENTING OPINION