JOURNAL ENTRY and OPINION
{¶ 1} The state appeals from a common pleas court order granting defendant appellee William King's motion to suppress evidence seized during a search of the vehicle from which he was removed. The state argues that there was sufficient evidence to support the seizure of appellee and the search of the vehicle. We find no error in the court's determination that the state failed to meet its burden of proof. Therefore, we affirm.
 Procedural History {¶ 2} Appellee was charged in three counts of a five-count indictment filed October 16, 2003. The indictment alleged that appellee and three co-defendants engaged in drug trafficking with a juvenile specification, drug possession, and possession of criminal tools. Appellee's attorney and counsel for the co-defendants jointly moved the court to suppress physical evidence which they claimed had been seized as a result of an unlawful search and seizure.
 {¶ 3} On June 28, 2004, the court held a hearing on the motion to suppress. At the hearing, the court heard testimony from Cuyahoga Metropolitan Housing Authority ("CMHA") detective Paul Hermensky and from appellee. Detective Hermensky testified that on September 30, 2003 at approximately 3:00 p.m., he, two other detectives, and his supervisor were together in a vehicle driving through a parking lot at the "Old Cedar Two Estates" in Cleveland when they observed a parked vehicle occupied by several people. He said that when the occupants of the vehicle noticed the police presence, they started making "furtive movements." Detective Hermensky stopped his vehicle "about ten feet" from the parked car and all four officers left the police vehicle and approached the parked car. When he was approximately five feet away from the passenger side of the parked vehicle, Hermensky "smelled the odor of burnt marijuana."
 {¶ 4} Hermensky and his partner went to the passenger side of the vehicle while his supervisor and the other detective went to the driver's side. Hermensky ordered the passenger to get out of the vehicle. As the passenger did so, a gun fell from his waistband to the ground. The gun was secured and the passenger was handcuffed and moved away from the vehicle. Hermensky then removed another passenger from the rear seat and handcuffed him. This passenger had had an open book bag on his lap which contained a digital scale in plain view. Marijuana was also found in the bag. In addition, Hermensky testified that "I believe we did retrieve burnt [marijuana] roaches from the vehicle. I don't know if that was the exact roach that they were burning prior to approaching the vehicle because sometimes they swallow them. But there was burnt roaches in the vehicle."
 {¶ 5} Appellee testified that he had joined his friends Alex Morales and Dominic Galbreath to get a part for Morales's car. Galbreath was driving; Morales was in the front passenger seat. Appellee was in the rear seat behind Morales.
 {¶ 6} The three men picked up William Ray and his son and gave them a ride home to the Cedar Two Estates. Ray and his son sat in the rear of the vehicle with appellee. Ray's son had a backpack, which he placed on the seat between him and appellee.
 {¶ 7} When they arrived at Ray's home, they sat in the parking lot talking for a few minutes. Ray and Galbreath were smoking a cigarette. A female police officer approached the car, sniffed and said "I smell it," then told Galbreath to get out. Meanwhile, detective Hermensky removed Morales, who dropped a gun. Appellee denied that anyone was smoking marijuana in the car. He also denied that the backpack was open.
 {¶ 8} At the conclusion of the hearing, the judge described the state of the evidence as "[o]ne person's word against the other with no physical corroboration presented at the hearing." "I don't know what really happened, but the evidence isn't here." The court concluded from this that the state had failed to meet its burden of proof, and granted the defendants' motion to suppress.
 Law and Analysis {¶ 9} "To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus. See, also, State v. Shindler (1994),70 Ohio St. 3d 54, 636 N.E.2d 319, syllabus. Once the defendant has done so, the state bears the burden of proving that probable cause existed for the seizure or search, and that it falls within one of the exceptions to the warrant requirement. Shindler, 70 Ohio St.3d at 56-57.
 {¶ 10} In this case, appellee's motion contended that the police had no reasonable suspicion of criminal activity to support their detention of the occupants of the car, so that all evidence obtained following this illegal stop should be excluded as "fruit of the poisonous tree."
 {¶ 11} Detective Hermensky testified that as he and the other officers approached the car, they smelled the odor of burnt marijuana. He testified that he was familiar with this odor through his training and experience, and described it as a very pungent odor. The Ohio Supreme Court has held that the odor of burnt marijuana alone, detected by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle pursuant to the automobile exception to the warrant requirement. State v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10. "There need be no additional factors to corroborate the suspicion of the presence of marijuana." Id. at 50. The defendant testified that no one was smoking marijuana in the car, but that they were smoking cigarettes.
 {¶ 12} "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v.Mills (1992), 62 Ohio St. 3d 357, 366, 582 N.E.2d 972, 982. In reviewing the judgment of a trial court, we are guided by a presumption that the fact-finder's findings are correct. In this case, the court determined that it had insufficient evidence to decide which witness's version of events was correct — in effect, that it could not make a factual finding about what had happened. Although the smell of marijuana alone might be sufficient to establish probable cause, police testimony did not convince the trial court that the police smelled marijuana. Therefore, the court concluded the state had failed to meet its burden of proof.
 {¶ 13} "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses * * * is not." Seasons Coal Co. v. Cleveland, 10 Ohio St.3d 77, 81.
 {¶ 14} Accordingly, we affirm.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and McMonagle, J. concur.