JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to Crim. R. 12(K) and R.C. 2945.67, the State of Ohio appeals from the order of the trial court that granted defendant Efren Rosa's motion to suppress. For the reasons set forth below, we affirm.
 {¶ 2} On June 19, 2002, defendant and co-defendant Eddie Hill were indicted pursuant to a three-count indictment. Count One charged them with possession of less than a gram of heroin. Count Two charged them with trafficking in less than one gram of heroin, and Count Three charged them with possession of less than five grams of cocaine. Defendant pled not guilty and moved to suppress the evidence obtained against him, arguing that the evidence was obtained following an illegal pat-down.
 {¶ 3} The matter proceeded to an evidentiary hearing on September 7, 2004. The state presented the testimony of Cleveland Police Officers Scott Lamb and Vincent Mason.
 {¶ 4} Officers Lamb and Mason both testified that on May 22, 2002, he and Officer Mason were assigned to the Fresh Start Unit, which investigates drug use and other street crime. At approximately 6:45 p.m., they were patrolling the area of West 44th Street and Lorain Avenue, and observed a group of about ten people standing around a pay phone near a gas station. None of the men were on the phone and none of the men were getting gas. The officers called for assistance and returned to the area a short time later. They approached the men and asked them what they were doing. Defendant told Officer Lamb that he was waiting to use the phone but the officer noticed that it was available.
 {¶ 5} Some of the men were cited for having open containers of alcohol and an officer on the scene patted someone down and found drug paraphernalia. Officer Lamb then patted down defendant and found a bottle cap. According to Lamb, such caps are used to prepare heroin for injection. Lamb asked defendant whether he had any needles and he indicated that he did not. Lamb searched defendant further and found six bags of heroin.
 {¶ 6} On cross-examination, Officer Lamb admitted that he did not specifically see what the men were doing when he first passed the area. He also admitted that he did not observe the men drop anything, make any exchanges with one another, or conduct any drug transactions. He also admitted that defendant did not have an open container of alcohol on his person, did not make any threats, and did not appear to reach for a weapon.
 {¶ 7} On cross-examination, Officer Mason admitted that he did not observe anyone making any drug exchanges, and he was not sure what they were doing. He could not identify anything about defendant in particular which gave him concern.
 {¶ 8} The trial court subsequently granted defendant's motion to suppress. The state now appeals and assigns one error for our review.
 {¶ 9} The state's assignment of error states:
 {¶ 10} "The trial court abused its discretion when it granted the defendant's motion to suppress when there was reasonable, articulable suspicion that the defendant was engaged in criminal activity and a pat down search of his person was justified."
 {¶ 11} The Fourth Amendment to the United States Constitution provides:
 {¶ 12} "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
 {¶ 13} Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject to only a few well recognized exceptions.Katz v. United States (1967), 389 U.S. 347, 19 L.Ed.2d 576, 88 S. Ct. 507. One of those exceptions is the rule regarding investigative stops, announced in Terry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889,88 S. Ct. 1868. Under Terry v. Ohio, a police officer may stop and investigate unusual behavior, even without probable cause to arrest, if he has sufficient evidence to reasonably conclude that criminal activity is afoot. The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21. An investigatory stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v.Cortez (1981), 449 U.S. 411, 417, 66 L.Ed.2d 621, 101 S.Ct. 690. "The officer [making a Terry stop] * * * must be able to articulate something more than an `inchoate and unparticularized suspicion or hunch.'" Terry,392 U.S., at 27.
 {¶ 14} A person's mere proximity to others independently suspected of criminal activity does not, without more, provide a sufficient constitutional basis to search that person. Ybarra v. Illinois (1979),444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 245. In Ybarra, the court emphasized that probable cause must exist with respect to each person searched:
 {¶ 15} "It is true that the police possessed a warrant based on probable cause to search the tavern in which Ybarra happened to be at the time the warrant was executed. But, a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. * * * Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be. * * * *."
 {¶ 16} Finally, the standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. See State v. Winand (1996),116 Ohio App.3d 286, 688 N.E.2d 9. When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi (1997), 122 Ohio App.3d 160, 701 N.E.2d 420. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 17} In this matter, the trial court's ruling is supported by competent, credible evidence. The facts of record fail to establish an objective manifestation that defendant was or was about to be engaged in criminal activity. The officers did not identify specific and articulable facts which warranted a stop of defendant. They did not establish that the defendant made furtive gestures, hand-to-hand exchanges, or contact with passing motorists. Although another man at the scene had a crack pipe, there is no evidence that the men were acting in concert.
 {¶ 18} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., And Rocco, J., Concur.