JOURNAL ENTRY and OPINION
{¶ 1} After entering pleas of no contest to two counts of drug possession, defendant-appellant Jason Farrow appeals from the trial court's denial of his motion to suppress evidence.
 {¶ 2} Farrow argues in his sole assignment of error that the police initiated a "pretextual" stop that violated his Fourth Amendment right to be protected from unreasonable searches and seizures; thus, the trial court improperly denied his motion to suppress the evidence they subsequently obtained. Following a review of the record, this court disagrees; consequently, Farrow's assignment of error is overruled.
 {¶ 3} At the hearing on Farrow's motion to suppress, Detective Kimberly Rudolph testified she took part in a police patrol of a neighborhood in the city of Cleveland's Fifth District at approximately 10:00 p.m. on the night of October 18, 2003. The patrol was performed in response to numerous, daily complaints from the local city councilman and from residents of drug and prostitution activity in the area. Rudolph and her partner were traveling in their unmarked car in the company of another police vehicle assigned to the patrol. One of the officers in the second vehicle was Rudolph's supervisor, Sergeant Fred Mone.
 {¶ 4} Rudolph stated that as they proceeded, she watched for certain signs indicative of drug activity. She indicated that, typically, a person that wanted to buy would "drive up, park, give some kind of signal, and usually a drug dealer w[ould] go to the car, there's a brief conversation, and then there's a transaction." She described a process that often took only a few moments.
 {¶ 5} Rudolph's attention was drawn to a truck that was parked in front of the building located at 7209 Central Avenue. The only person seated in the truck, later identified as Farrow, sat not in the driver's seat but in the front passenger seat. A man stood outside next to the driver's side; this person was leaning his upper body into the truck through the window. The man's arms were inside the compartment, and he seemed to be "making a hand-to-hand transaction" with Farrow.
 {¶ 6} Rudolph and her partner decided to investigate. They activated their car's lights and siren, stopped in the center of the street, and exited their car. The officers that followed them did the same.
 {¶ 7} Rudolph's partner approached the man who had been leaning into the truck, who later was identified as Antoine Stradford. Sergeant Mone walked to the truck's passenger side. Rudolph stated that because drug activity often involved guns, as her partner informed Stradford he wanted to talk to him, he began to pat Stradford down for weapons. During the pat down search, her partner discovered a crack pipe in one of Stradford's pockets. The pipe appeared to contain residue.
 {¶ 8} Upon this discovery, Mone requested Farrow to exit the truck. Farrow opened the passenger side door to comply; on the seat next to his right thigh, Mone and Rudolph saw a crack pipe in plain view. This pipe, too, appeared to contain residue.
 {¶ 9} Mone then performed a pat-down search of Farrow, and both Stradford and Farrow were placed under arrest for drug possession. Since Farrow's truck would have to be towed from the scene, Rudolph did an inventory search of its contents. She found a prescription bottle with Farrow's name on it; the bottle contained a piece of a substance that was later determined to be crack cocaine.
 {¶ 10} Farrow subsequently was indicted with Stradford. Two of the counts pertained to Farrow, charging him with possession of crack cocaine in an amount less than one gram, and possession of crack cocaine in an amount less than five grams. Farrow entered a plea of not guilty to the charges.
 {¶ 11} Prior to trial, Farrow filed a motion to suppress evidence, claiming the police stop was illegal. The trial court held a hearing on the motion, then denied it.
 {¶ 12} At that point, Farrow changed his pleas to pleas of no contest. The trial court found him guilty of the charges and sentenced him to concurrent terms of ten months on the charges.
 {¶ 13} Farrow now appeals, presenting the following assignment of error:
 {¶ 14} "The trial court erred when it failed to grant the appellant's motion to suppress for lack of a reasonable and articulable suspicion."
 {¶ 15} Farrow argues the trial court's denial of his motion to suppress evidence was improper because the police stop merely was a pretext. He contends the court was not presented with adequate evidence that justified the stop. This court disagrees.
 {¶ 16} In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that a police officer may stop and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. In justifying that conclusion, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21.
 {¶ 17} The circumstances must be viewed through the eyes of the reasonable and prudent police officer on the scene who must be able to react to events as they unfold. State v. Freeman (1980), 64 Ohio St.2d 291,295. This standard for review of the police conduct is an objective one, and several factors may be taken into account when considering the police officer's actions. State v. Williams (1990), 51 Ohio St.3d 58, 60; Statev. Bobo (1988), 37 Ohio St.3d 177.
 {¶ 18} In determining whether the motion properly was decided, this court remains mindful that the trial court is in the best position to resolve issues of fact and to evaluate the credibility of witnesses.State v. King, Cuyahoga App. No. 84909, 2005-Ohio-1744, ¶ 12. This court thus determines whether the trial court's conclusion is supported by competent, credible evidence that meets the applicable legal standard.State v. Favors, Cuyahoga App. No. 84268, 2004-Ohio-5742, ¶ 11.
 {¶ 19} Since a valid investigative stop must be based upon more than a mere hunch, the totality of circumstances of the case must be examined to determine whether the police officer had a particularized, objective basis for his or her action. State v. Scott, Cuyahoga App. Nos. 82642, 82643, 2003-Ohio-6343, ¶ 10. Under this approach, officers are permitted to draw upon their own experience and specialized training to make inferences from and deductions about the cumulative information, and the court gives weight to their analysis of the situation. State v. Wilson,
Cuyahoga App. No. 84117, 2005-Ohio-385, ¶ 10.
 {¶ 20} In this case, both Rudolph and Mone testified that they were veterans of many years of experience, that the area long had been the subject of numerous complaints of drug activity, and they had made many drug arrests there. State v. Scott, supra at ¶ 12; cf., State v.Martin, (Nov. 9, 2000), Cuyahoga App. No. 77593. Rudolph additionally stated that acting "undercover," she previously herself had made buys in that same area of East 72nd and Central Avenue. State v. Hardy (Mar. 7, 1996), Cuyahoga App. No. 69219.
 {¶ 21} Mone stated that from the time of day, the location, the number of people around, and Stradford's actions, viz., leaning into Farrow's truck and making hand movements, he believed a drug transaction was taking place. Rudolph's testimony corroborated his analysis of the situation. Clearly, they provided sufficient articulable facts upon which to base an investigative stop of Stradford. Id.
 {¶ 22} It is well-settled that once an officer has made a reasonable investigative stop and he has a reasonable suspicion the person may be armed, the officer may initiate a protective search for his safety. Statev. Bobo, supra. Thus, the same facts which justified the initial stop and search of Stradford, in a natural progression of events, led to a justified stop and search of Farrow as the person with whom Stradford seemed to be interacting. State v. Scott, supra; State v. Gonzalez (Aug. 18, 1994), Cuyahoga App. No. 66120; cf., State v. McKinney, Cuyahoga App. No. 83722, 2004-Ohio-4356.
 {¶ 23} Since the evidence provided to the trial court in this case demonstrated the officers conducted lawful stops and searches of both Stradford and Farrow, the trial court properly denied Farrow's motion to suppress evidence. State v. Scott, supra; State v. Wilson, supra.
 {¶ 24} Farrow's assignment of error, accordingly, is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Gallagher, J. concur.