[Cite as *Parker v. Wilcox*, 2018-Ohio-1215.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| NAKYIA D. PARKER, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-T-0016** |
| RONALD D. WILCOX, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 01012.

Judgment: Appeal dismissed.


*Nakyia D. Parker*, pro se, PID #A690-764, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44430 (Plaintiff-Appellant).

*Frank Mazgaj*, Hanna, Campbell & Powell, L.L.P., 3737 Embassy Parkway, Suite 100, P.O. Box 5521, Akron, OH, 44333 (For Defendants-Appellees, Daniel Parker and Ronald D. Wilcox).

*William Shackelford*, 8040 Cleveland Avenue, N.W., Suite 400, Canton, OH 44720 (For Defendant-Appellee, Progressive Preferred Insurance Company).



TIMOTHY P. CANNON, J.

{¶1} On February 9, 2018, appellant, Nakyia D. Parker, filed a pro se notice of appeal from a January 9, 2018 entry from the Trumbull County Court of Common Pleas.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4.

The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} App.R. 4(A)(1) states that, "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Further, "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3).

{¶4} Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal. If the Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶5} The record in this case clearly shows that the trial court issued its entry on January 9, 2018. On that same date, the clerk of courts noted on the appearance docket that copies of that order were mailed to the parties. Since service was made on appellant within the three-day period required in Civ.R. 58(B), the thirty-day time period began to run on the date of entry of judgment, i.e. January 9, 2018. Thus, the deadline for appellant to file a notice of appeal was February 8, 2018, which was not a holiday or a weekend. Accordingly, appellant's notice of appeal was untimely filed.

{¶6} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶7} Based upon the foregoing, this appeal is hereby sua sponte dismissed pursuant to App.R. 4(A)(1).

{¶8} Appeal dismissed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.