[Cite as *Parker v. Wilcox*, 2019-Ohio-75.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| NAKYIA D. PARKER, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-T-0041** |
| RONALD D. WILCOX, et al., | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 01012.

Judgment: Appeal dismissed.


*Nakyia D. Parker*, pro se, PID: #A690-764, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Plaintiff-Appellant).

*Frank G. Mazgaj*, *Emily R. Yoder*, and *Catherine E. Nagy*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, P. O. Box 5521, Akron, OH 44333 (For Ronald D. Wilcox and Daniel Parker, Defendants-Appellees).

*Michael R. Shanabruch*, and *Sonia Whitehouse*, 625 Alpha Drive, Box #011 B, Highland Heights, OH 44143, and *William M. Shackelford*, 8040 Cleveland Avenue, N.W., Suite 400, Canton, OH 44720 (For Progressive Preferred Insurance Company, Defendant-Appellee).


THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Nakyia D. Parker, appeals the trial court's denial of his motion for reconsideration of its prior dismissal. We dismiss.

**{¶2}** Appellant's refiled case was dismissed in its entirety against all remaining parties for failure to prosecute under Civ.R. 41(B)(1). That dismissal was appealed to this court and was dismissed as untimely. *Parker v. Wilcox*, 11th Dist. Trumbull No. 2018-T-0016, 2018-Ohio-1215.

**{¶3}** Dismissal in its entirety under Civ.R. 41(B)(1) is a final judgment. *McCann v. Lakewood,* 95 Ohio App.3d 226, 231, 642 N.E.2d 48 (8th Dist.1994). Having failed to timely appeal the dismissal, and in an effort to circumvent this court's prior dismissal, he now appeals the denied motion for reconsideration.

**{¶4}** The Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court. *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). Accordingly, a judgment entered on a motion for reconsideration is a nullity and cannot be appealed. *McCullough v. Catholic Diocese of Columbus*, 5th Dist. Fairfield No. 99CA77, 2000 WL 329658 (Mar. 13, 2000), citing *Kauder v. Kauder*, 38 Ohio St.2d 265, 313 N.E.2d 797 (1974). We, therefore, lack jurisdiction to entertain appellant's appeal. *Wilcox v. Wilcox,* 5th Dist. Licking No. 17-CA-90, 2018-Ohio-3642, ¶18.

**{¶5}** Moreover, the substance of appellant's argument goes not to the trial court's dismissal, but rather, its denial of his motion to vacate that was not appealed.

**{¶6}** Appellant's appeal is dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____

2

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶7} I agree with the majority's conclusion that we lack jurisdiction of Mr. Parker's appeal. However, a brief discussion of the issues he attempts to raise would benefit him, by demonstrating that we take his rights seriously. I would, therefore, include the following.

{¶8} June 20, 2012, Mr. Parker was struck by a vehicle driven by Daniel Parker, belonging to Ronald Wilcox. Mr. Parker retained counsel, and filed an action sounding in negligence against Daniel Parker, Mr. Wilcox, and Progressive Preferred Insurance Company on June 19, 2014. Mr. Parker alleged Progressive owed him medical payments, and UM/UIM coverage. Eventually, Mr. Wilcox moved for summary judgment, which was granted. March 30, 2015, Mr. Parker voluntarily dismissed his remaining claims.

{¶9} June 16, 2017, Mr. Parker, proceeding pro se, refiled his complaint. The refiled complaint listed his address as 1815 Southwest Blvd., Warren, Ohio, 44485, and this address was entered on the docket. July 13, 2017, Progressive moved to dismiss and/or for summary judgment, alleging the refiled complaint was untimely.

{¶10} A status conference was held August 23, 2017. Mr. Parker failed to appear.

{¶11} September 5, 2017, Mr. Wilcox moved for summary judgment. Mr. Parker failed to respond, and the motion was granted.

{¶12} November 16, 2017, Mr. Wilcox moved to dismiss. Mr. Parker failed to respond.

{¶13} A status conference was held December 14, 2017. Mr. Parker failed to appear.

3

{¶14} Mr. Parker never responded to any discovery served on him.

{¶15} January 9, 2018. The trial court dismissed the action.

{¶16} January 31, 2018, Mr. Parker moved to vacate the judgment entry of dismissal, contending he had never been served with any hearing notice, or discovery, or any motions. Mr. Parker revealed he was, unfortunately, incarcerated at the Lake Erie Correctional Facility in Ashtabula County, Ohio.

{¶17} February 9, 2018, Mr. Parker appealed the judgment entry of dismissal. By a memorandum opinion and judgment entry filed March 30, 2018, this court dismissed the appeal as untimely.

{¶18} February 13, 2018, the trial court filed a judgment entry, denying the motion to vacate, which it treated as a motion for relief from judgment. In so doing, the trial court observed that Mr. Parker had never informed it or the clerk of court of his change of address, and further, he had a duty to monitor the docket. Mr. Parker did not appeal this judgment entry. Instead, April 9, 2018, he moved the trial court to reconsider its January 9, 2018 judgment entry a second time. April 12, 2018, the trial court denied this motion. Mr. Parker timely appealed, assigning a single error: "The trial court abused its discretion when it denied appellant's (Parker) motion for reconsideration and/or relief after judgment pursuant to Civ.R. 60."

{¶19} We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for abuse of discretion. *Huntington Natl. Bank v. Lomaz*, 11th Dist. Portage Nos. 2008-P-0007, 2008-P-0061, 2010-Ohio-705, ¶27. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678

4

(1925).  An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact."  *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶20}**  Civ.R. 60(B) provides, in pertinent part:

**{¶21}**  "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * * "

**{¶22}**  "Civ.R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice.  To prevail on a motion pursuant to Civ.R. 60(B), the movant must demonstrate: '(* * *)(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time (* * *).' *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, * * *, at paragraph two of the syllabus.  These requirements are conjunctive; not disjunctive.  *Id.* at 151, * * *."

*Ludlow v. Ludlow*, 11th Dist. Geauga No. 2006-G-2686, 2006-Ohio-6884, ¶23. (Parallel citation omitted.)

**{¶23}** Again, Mr. Parker's essential argument appears to be he lacked notice regarding anything occurring in the trial court, since all papers were being sent to the address in Warren, Ohio, rather than to the prison. This is an assertion of "excusable neglect," pursuant to Civ.R. 60(B)(1). We find the argument unpersuasive for several reasons.

**{¶24}** First, Mr. Parker provided the clerk of courts with the Warren address – evidently after he was already in prison.

**{¶25}** Second, as the trial court observed, parties bear the burden of informing the clerk of courts, and the other parties, of any change in address. *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-385, ¶11 (4th Dist.). Mr. Parker did not do so.

**{¶26}** Third, as Progressive noted in the trial court, the refiled action was untimely, pursuant to R.C. 2305.19(A).

**{¶27}** Fourth, Mr. Wilcox had been granted summary judgment in the initial action. This means any claims against him are barred by res judicata.

**{¶28}** Fifth, in conjunction with his second motion for relief from judgment, Mr. Parker filed the affidavit of Barbara J. Brochak, the Progressive adjuster handling his claim, stating that he was not insured by Progressive at the time of the accident. We fail to see how Progressive could be liable to Mr. Parker for medical payments, or UM/UIM coverage, when he was not their insured.

**{¶29}** The assignment of error lacks merit.